UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICOLE LADUE,                                    CASE NO. 8:26-cv-589

    Plaintiff

v.

JOHN MICHAEL SMITH,

    Defendant.

_____/

**COMPLAINT**

Plaintiff, complaining of the Defendant, alleges and says:

**PARTIES**

1. Plaintiff Nicole LaDue ("Plaintiff") is a resident of Florida.

2. Defendant John Michael Smith ("Defendant") is a resident of Missouri.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

1

4. This Court has personal jurisdiction over Defendant as Defendant committed tortious acts within the State of Florida that give rise to the claims in this action.

5. This Court is the proper venue for this case, as a substantial part of the events giving rise to the claims occurred in Tampa and Orlando, Florida, which are located within the Middle District of Florida.

## STATEMENT OF FACTS

### Physical Abuse

6. Plaintiff and Defendant were in a relationship.

7. Defendant engaged in a pattern of both physical and psychological abuse towards Plaintiff.

8. On March 28, 2021, Defendant assaulted Plaintiff while at their home in Land O' Lakes, Florida.

9. Plaintiff was assaulted again by Defendant while at an event held by their employer in Palm Beach County, Florida.

10. Said assault took place on July 26, 2021.

11. On January 18, 2022, Plaintiff and Defendant were attending a seminar at the Orange County Convention Center in Orlando, Florida.

12. Defendant assaulted the Plaintiff by hitting her in the head with a fire extinguisher and a glass flower vase.

13. Plaintiff reported this incident to the Orange County Sheriff's Office.

14. On July 26, 2022, Plaintiff and Defendant went on vacation at Anna Maria Island in Manatee County, Florida.

15. While at Anna Maria Island, Defendant grabbed Plaintiff by the back of the head and rammed it into the dashboard of a car.

16. Plaintiff's head hit the dashboard with sufficient force that it caused a dent in the dashboard.

17. On July 29, 2022, while at Anna Maria Island, Defendant assaulted and battered Plaintiff by grabbing her off the toilet, slamming her head against the back of said toilet, and kicking her in the stomach.

18. On July 30, 2022, while at Anna Maria Island, Defendant threw a jar of olives at Plaintiff.

19. The jar, being made of glass, shattered when it hit the floor and it caused shards of glass to enter the skin around the Plaintiff's left ankle.

20. On August 2, 2022, Plaintiff and Defendant were at a beach in West Palm Beach, Florida.

21. Defendant yelled at Plaintiff because Plaintiff's niece was using a baseball glove to play catch with Plaintiff.

22. Defendant proceeded to chase Plaintiff off the beach and into the condo they were staying in.

23. Defendant then slams Defendant onto the floor and into a wall.

24. Defendant assaulted and battered Plaintiff in front of Plaintiff's niece and children.

25. Plaintiff then called 911 and Defendant was arrested.

## Emotional and Psychological Abuse

26. Defendant engaged in a continuous pattern of behavior that was abusive both emotionally and psychologically towards Plaintiff.

27. Defendant routinely engaged in communicating threats of violence to Plaintiff.

28. Defendant also engaged in a pattern of berating Plaintiff both verbally and through text messages.

29. Specifically, the Defendant sent text messages to Plaintiff communicating threats to strangle her on November 11, 2021; December 7, 2021; and April 4, 2022.

30. Defendant also took Plaintiff's daughter and nephew without her knowledge or permission from her home in Pasco County Florida, on July 25, 2022.

## CLAIMS FOR RELIEF

### Count I - Assault

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

32. Defendant made intentional, unlawful threats by word or act to do violence to Plaintiff on a continuous basis.

33. Defendant had an apparent ability to carry out the threat.

34. Plaintiff had a well-founded fear that violence was imminent.

35. Defendant acted on these threats of violence against Plaintiff on numerous cases.

36. As a direct and proximate result of Defendant's assault, Plaintiff suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Compensatory damages against Defendant in an amount to be determined at trial for all injuries and losses suffered by Plaintiff as a result of Defendant's assault, including but not limited to medical expenses, lost wages, pain and suffering, and emotional distress.

B. Punitive damages against Defendant in an amount sufficient to punish Defendant for his egregious conduct and to deter similar conduct in the future.

C. Prejudgment and post-judgment interest as allowed by law.

D. Costs of this action.

E. Such other relief as the Court deems just and proper.

## Count II - Battery

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

38. Defendant intentionally touched or struck Plaintiff on numerous occasions.

39. The touching or striking was without Plaintiff's consent.

40. Plaintiff regarded the contact as offensive or harmful.

41. As a direct and proximate result of Defendant's battery, Plaintiff suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Compensatory damages against Defendant in an amount to be determined at trial for all injuries and losses suffered by Plaintiff as a

result of Defendant's battery, including but not limited to medical expenses, lost wages, pain and suffering, and emotional distress.

B.  Punitive damages against Defendant in an amount sufficient to punish Defendant for his egregious conduct and to deter similar conduct in the future.

C.  Prejudgment and post-judgment interest as allowed by law.

D.  Costs of this action.

E.  Such other relief as the Court deems just and proper.

## Count III - Intentional Infliction of Emotional Distress

42. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

43. Defendant engaged in extreme and outrageous conduct.

44. Specifically, Defendant made repetitive threats to strangle Plaintiff and engaged in behavior which amounts to berating Plaintiff.

45. Defendant intended to cause severe emotional distress to Plaintiff and acted with reckless disregard as to whether such distress would result.

46. Defendant's conduct caused Plaintiff to suffer severe emotional distress.

47. The emotional distress suffered by Plaintiff was severe.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Compensatory damages against Defendant in an amount to be determined at trial for all injuries and losses suffered by Plaintiff as a result of Defendant's intentional infliction of emotional distress, including but not limited to medical expenses, lost wages, pain and suffering, and emotional distress.

B. Punitive damages against Defendant in an amount sufficient to punish Defendant for his egregious conduct and to deter similar conduct in the future.

C. Prejudgment and post-judgment interest as allowed by law.

D. Costs of this action.

E. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  March 5, 2026

                              BLACK ROCK TRIAL LAWYERS, PLLC

                              By: */s/Gil Sanchez*_____
                              Gil Sanchez, Esq.
                              Counsel for Plaintiff
                              Florida Bar Number: 735981
                              201 S. Westland Ave.
                              Tampa, Florida 33606
                              (813) 254-1777 Office
                              (813) 254-3999 Facsimile
                              gil@blackrocklaw.com
                              service@blackrocklaw.com